# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 13-0199** (Harrison County 12-F-145)

**Edward Tyler, Defendant Below,
Petitioner**

**FILED**

**February 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

### MEMORANDUM DECISION

Petitioner Edward Tyler, by counsel Greta Davis, appeals the Circuit Court of Harrison County's January 22, 2013, order denying his motion for post-judgment acquittal. The State, by counsel Christopher Dodrill, filed a response. On appeal, petitioner alleges that the circuit court violated his constitutional right to due process when it denied his motion for post-judgment acquittal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 9, 2012, petitioner was indicted by the Harrison County Grand Jury on one count of malicious assault. This charge stemmed from an incident in which petitioner allegedly punched John Hardman, slammed him on the ground, and then kicked him while he was on the ground at a McDonald's restaurant. Petitioner fled the scene and was found several blocks away by local law enforcement. Petitioner provided the police with a written statement stating that he "punch[ed] [Mr. Hardman] to protect [himself]."

In November of 2012, the circuit court held a final pre-trial hearing on petitioner's request for an adverse inference jury instruction due to the State's failure to preserve a digital video disc ("DVD") that may have contained surveillance footage of the alleged attack.[1] The circuit court held its ruling in abeyance and proceeded to trial.

---

[1] Christopher Madia, the investigating officer, obtained a DVD of the surveillance footage from McDonald's approximately two weeks after the incident. Officer Madia did not immediately view the DVD and placed it in a locked desk drawer for several weeks. Officer Madia then tried to review the footage but the DVD did not contain any video. Officer Madia attempted to obtain another copy of the surveillance video from the restaurant but was informed that the surveillance footage was no longer available because the company recycles the footage

Following the presentation of the State's case-in-chief, petitioner moved for a judgment of acquittal based on the State's failure to present sufficient evidence proving that he committed the crime of malicious assault. The circuit court denied petitioner's motion. Before petitioner presented his case-in-chief, the circuit court granted petitioner's request to give the jury an adverse inference instruction regarding the State's failure to preserve the surveillance footage. After petitioner presented his case-in-chief, he renewed his motion for judgment of acquittal, which the circuit court denied. On November 15, 2012, the jury found petitioner guilty of one count of malicious assault. Petitioner's sentencing hearing was held on January 10, 2013.

At sentencing, petitioner orally renewed his motion for a judgment of acquittal based on the State's failure to present sufficient evidence to convict him of malicious assault. By order entered on January 22, 2013, the circuit court denied petitioner's motion and sentenced him to a term of incarceration of two to ten years with 263 days credit for time served.[2] It is from this order that petitioner now appeals.

On appeal, petitioner argues for the first time that the circuit court erred in denying his motion for post-verdict judgment of acquittal because the State suppressed potential exculpatory or impeachment evidence favorable to his theory of self-defense. Petitioner asserts that because the State failed to preserve the surveillance footage in violation of Syllabus Point 2 of *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007), and Syllabus Point 2 of *State v. Osakalumi*, 194 W.Va. 758, 461 S.E.2d 504 (1995), that the circuit court should have granted his post-verdict motion for judgment of acquittal.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). The record shows that following the State's case-in-chief, petitioner moved for judgment of acquittal on the ground that the State did not prove that petitioner was guilty of malicious assault beyond a reasonable doubt. The record further reflects that petitioner renewed this motion during his January 10, 2013, sentencing hearing, based on the same ground. We have previously held that "'[o]ur general rule is that nonjurisdictional trial error not raised in the trial court will not be addressed on appeal.' Syllabus Point 9, *State v. Humphrey*, 177 W.Va. 264, 351 S.E.2d 613 (1986)." Syl. Pt. 4, *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987). Because petitioner failed to properly raise this argument below, the Court declines to address the same here.

For the foregoing reasons, the circuit court's January 22, 2013, sentencing order is hereby affirmed.

---

every thirty days. The West Virginia State Police Forensic Lab unsuccessfully attempted to recover the surveillance footage. As a result, there was no surveillance footage available at trial.

[2]Petitioner was also directed to pay restitution of $905.82 to the Crime Victims Compensation Fund and $2518.83 to Medicare Recovery.

Affirmed.

**ISSUED**: February 18, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II